**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PESTICIDE ACTION NETWORK NORTH AMERICA; ALIANZA NACIONAL DE CAMPESINAS; CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION; FARMWORKER ASSOCIATION OF FLORIDA; FARMWORKER JUSTICE; GREENLATINOS; LABOR COUNCIL FOR LATIN AMERICAN ADVANCEMENT; NATURAL RESOURCES DEFENSE COUNCIL, INC.; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; UFW FOUNDATION | No. 25-3955<br><br>MEMORANDUM[*] |
| PESTICIDE ACTION NETWORK NORTH AMERICA; ALIANZA NACIONAL DE CAMPESINAS; CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION; FARMWORKER ASSOCIATION OF FLORIDA; FARMWORKER JUSTICE; GREENLATINOS; LABOR COUNCIL FOR LATIN AMERICAN ADVANCEMENT; NATURAL RESOURCES DEFENSE COUNCIL, INC.; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; UFW FOUNDATION, | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioners.

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

Respondent.

Petition for Writ of Mandamus

Argued and Submitted December 2, 2025
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioners seek a writ of mandamus compelling the Environmental Protection Agency (EPA) to take final agency action on a November 18, 2021 administrative petition (the Administrative Petition). Petitioners ask the EPA to take several actions under the Federal Food, Drug and Cosmetic Act (FFDCA), 21 U.S.C. §§ 301 *et seq*., and the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136 *et seq*. We have jurisdiction over relevant final agency actions under FFDCA under 21 U.S.C. § 346a(h)(1), and over relevant final agency actions under FIFRA under 7 U.S.C § 136n(b). The All Writs Act "authorizes us to issue mandamus relief necessary to protect our prospective jurisdiction." *In re Cal. Power Exch. Corp*., 245 F.3d 1110, 1119 (9th Cir. 2001) (cleaned up); *see also* 28 U.S.C. § 1651. We find that mandamus relief is premature now and deny the petition without prejudice.

1. It is uncontested that Petitioners have Article III standing "to bring suit on

2                                                                25-3955

behalf of [their] members" because their members "have standing to sue in their own right," and "the interests at stake are germane to the organization[s'] purpose[s]." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). A threat of exposure to potentially unsafe pesticides is a "credible threat" sufficient to establish the injury in fact requirement for standing. *Nat. Res. Def. Council v. E.P.A.*, 735 F.3d 873, 878 (9th Cir. 2013).

Here, Petitioners claim that their members include farm workers exposed to unsafe pesticides and other people who live close to farmland and face similar exposure through spray drift and water runoff. EPA submits a declaration explaining that it divided the pesticides at issue into three categories. For the first category, it plans to respond to the Petition in 2026. For the second category, EPA plans to respond to the FFDCA portion in 2026 and to the FIFRA portion "in conjunction with ongoing registration review." For the final category, EPA plans to respond "in conjunction with ongoing registration review." Petitioners submit declarations showing that their members risk exposure to pesticides included in each of these three categories. At this stage, this is sufficient to consider whether to compel agency action on each category.

2. "Issuing a writ of mandamus directing a federal agency to act . . . is an extraordinary remedy justified only in exceptional circumstances." *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138 (9th Cir. 2020) (omission in original)

(quoting *In re Pesticide Action Network N. Am.* (*PANNA II*), 798 F.3d 809, 813 (9th Cir. 2015)). When the agency does not contest its duty to act, we apply the six factors established in *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984), to determine whether to issue mandamus to remedy an unreasonable delay. *See Cal. Power*, 245 F.3d at 1124.

*Rule of Reason.* The most important *TRAC* factor is the "rule of reason." *Nat. Res. Def. Council*, 956 F.3d at 1139 (cleaned up). "[A] six-year-plus delay is nothing less than egregious." *In re A Cmty. Voice*, 878 F.3d 779, 787 (9th Cir. 2017) (cleaned up). Petitioners filed their Administrative Petition on November 18, 2021, and filed their petition for mandamus in this court over three years later, on June 25, 2025. A four-year delay is below the threshold of what we have generally found to be unreasonable. *See, e.g.*, *id.* at 782–83 (eight-year delay); *PANNA II*, 798 F.3d at 811–12 (eight-year delay).

*Congressional Timetable.* In 2022, Congress extended the FIFRA registration review deadline for pesticides until October 1, 2026. *See* Pesticide Registration Improvement Act of 2022, Pub. L. No. 117-328, § 711(a), 136 Stat. 4459 (2022). Congress thus judged that EPA needs more time to complete the FIFRA registration review process for the types of pesticides at issue in the Administrative Petition. This weighs heavily against granting relief with respect to Petitioners' FIFRA-related claims until after the congressional deadline has passed. *See Indep.*

*Mining Co. v. Babbitt*, 105 F.3d 502, 509 (9th Cir. 1997). To be sure, there is no corresponding timetable for FFDCA. But EPA represents that it plans to wrap up the FFDCA portion of its review of all but one of the pesticides at issue in the Administrative Petition by 2026. We find this concrete timeline reasonable as to the resolution of the FFDCA-related claims as to these pesticides. *See PANNA II*, 798 F.3d at 814.

*Human Welfare and Other Interests.* Our analysis of the third and fifth factors is complicated by the breadth of Petitioners' request. The breadth of that request was perhaps reasonable in 2021 in light of what the EPA characterizes as its earlier conservative assumption "that all the [organophosphates] cause similar neurodevelopmental effects." Petitioners have also placed considerable emphasis on the "preliminary human health risk assessments" that EPA issued several years ago for nearly all of the pesticides at issue, but the parties sharply dispute the extent to which these risk assessments warrant further refinement and what information should be considered in making any such refinements. However, all parties now seem to agree that the degree of risk does not appear to be consistent for all thirteen pesticides still at issue. For example, at oral argument, Petitioners conceded that three pesticides at issue—chlorethoxyfos, tribufos, and terbufos—are lower priority, and they emphasized greater risk associated with bensulide.

On this record, we cannot hold that human risks justify granting the petition

as to all thirteen pesticides. Moreover, given our assessment of the other *TRAC* factors, we do not believe that Petitioners have made a sufficient showing that we should grant mandamus at this time and order EPA, on a set schedule, to address asserted health risks with respect to a subset of specific pesticides. We are concerned, however, by the lack of a concrete timeline with respect to the resolution of Petitioners' FIFRA-related claims with respect to some of the pesticides, including ones that, according to Petitioners, present some of the greatest risks of the thirteen pesticides. *Cf. PANNA II*, 798 F.3d at 814 (identifying the lack of any clear schedule for taking action to address identified health risks as a factor weighing in favor of mandamus). Indeed, EPA admits that it will not complete its registration review for any of the thirteen pesticides by the October 2026 statutory deadline. If, by the expiration of that statutory deadline, EPA still "does not offer a timetable" for resolving the FIFRA-related claims for those particular pesticides presenting higher levels of risk, *id.*, the balance of the *TRAC* factors would be different.

*Competing Priorities.* "[A] court is in general ill-suited to review the order in which an agency conducts its business." *Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C. Cir. 1987) (citation omitted). At this time, we decline to review whether EPA correctly prioritized the thirteen pesticides for review. We defer to the EPA's allocation of resources to review the Administrative Petition before the 2026 deadline. If EPA chooses not to address the chemicals posing the greatest risk by

25-3955

the 2026 deadline, Petitioners are free to file a second mandamus petition as to those chemicals.[1]

We deny the petition without prejudice. It is not unreasonable for EPA to delay taking final agency action until the 2026 registration review deadline. This will allow EPA time to act on at least some pesticides at issue in the Administrative Petition. EPA admits that it will not take final agency action on some portions of the Administrative Petition in 2026. Petitioners are free to file a second petition for a writ of mandamus seeking to compel agency action on those pesticides which they contend pose the greatest risk to human health, and for which EPA has not offered a concrete timeline to take final agency action.

The petition for a writ of mandamus is **denied without prejudice.**

---

[1] Petitioners do not accuse EPA of acting in bad faith (the sixth factor), but the *lack* of bad faith appears to have little weight in our caselaw. *See Cmty. Voice*, 878 F.3d at 787.